BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Defendant, Jeffrey Solomon Simpson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>               Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| 608941 NJ INC.,<br><br>               Plaintiff,<br><br>    -   against   -<br><br>JEFFREY SOLOMON SIMPSON,<br><br>               Defendant. | Adversary No. 26-01046 (LGB) |

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF
608941 NJ INC. TO CLARIFY THE SCOPE OF THE AUTOMATIC
STAY, OBTAIN RELIEF FROM THE AUTOMATIC STAY, AND
<u>FOR PARTIAL ABSTENTION</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

Preliminary Statement.................................................................................................... 1

    Statement of the Case.................................................................................................. 1

    Argument ..................................................................................................................... 2

    I.      THE BANKRUPTCY COURT HAS EXCLUSIVE JURISDICTION
           OVER DISCHARGEABILITY ACTIONS UNDER 11 U.S.C. §§
           523(A)(2), (4), AND (6), AND SHOULD THEREFORE NEITHER
           LIFT THE AUTOMATIC STAY NOR ABSTAIN IN ANY WAY...................... 2

    II      THE *SONNAX* FACTORS WEIGH HEAVILY AGAINST LIFTING
           THE AUTOMATIC STAY ................................................................................ 7

    III    THE COURT SHOULD CONSTRUE THE AUTOMATIC STAY
           TO PREVENT THE LITIGATION OF INTERTWINED ISSUES IN
           MULTIPLE COURTS .................................................................................... 10

    Conclusion ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*A.H. Robins v. Piccinin*,
788 F.2d 994 (4th Cir. 1986) ................................................................................. 11

*Adam Glass Serv., Inc. v. Federated Dep't Stores, Inc.*,
173 B.R. 840 (E.D.N.Y. 1994) ................................................................................. 4

*Brown v. Felsen*,
442 U.S. 127 (1979) ............................................................................................ 4, 6

*Calpine Corp. v. Nevada Power Co.*
*(In re Calpine Corp.)*, 354 B.R. 45 (Bankr. S.D.N.Y. 2006),
*aff'd*, 365 B.R. 401 (S.D.N.Y. 2007) ..................................................................... 11

*Casey v. Mohamed*,
323 B.R. 834 (S.D.N.Y. 2005) ................................................................................. 4

*Commercial Union Ins. Co. v. Johns-Manville Corp.*
*(In re Johns-Manville Corp.)*, 31 B.R. 965 (S.D.N.Y. 1983) ................................. 12

*Delaware Tr. Co. v. Wilmington Tr. N.A.*,
534 B.R. 500 (S.D.N.Y. 2015) .............................................................................. 5, 6

*Denton v. Hyman (In re Hyman)*,
502 F.3d 61 (2d Cir. 2007) ...................................................................................... 3

*E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*,
157 F.3d 169 (2d Cir. 1998) ................................................................................... 10

*Grogan v. Garner*,
498 U.S. 279 (1991) ................................................................................................. 6

*In re Congregation Birchos Yosef*,
535 B.R. 629 (Bankr. S.D.N.Y. 2015), *appeal dismissed*, No. 15-CV-6408, 2016 WL
5394755 (S.D.N.Y. Sept. 27, 2016), *aff'd*, 699 F. App'x 91 (2d Cir. 2017)…...…………10

*In re Keene Corp.*,
171 B.R. 180 (Bankr. S.D.N.Y. 1994) ...................................................................... 7

*In re Residential Cap., LLC*,
519 B.R. 890 (Bankr. S.D.N.Y. 2014) ...................................................................... 5

*Local Loan Co. v. Hunt*,
292 U.S. 234 (1934) ............................................................................................. 2, 3

*Lomas Fin. Corp. v. N. Tr. Co.*
*(In re Lomas Fin. Corp.)*, 117 B.R. 64, 67 (S.D.N.Y. 1990) ................................. 10

*Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*,
487 B.R. 158 (S.D.N.Y. 2013) .............................................................................. 5, 6

*Mazzeo v. Lenhart (In re Mazzeo)*,
167 F.3d 139 (2d Cir. 1999) ..................................................................................... 7

*Mid Island Equities Corp. v. Barral (In re Barral)*,
139 B.R. 789 (Bankr. S.D.N.Y. 1992) ...................................................................... 6

*Murphy v. Synder (In re Synder)*,
939 F.3d 92 (2d Cir. 2019) ....................................................................................... 3

*N. Star Contracting Corp. v. McSpedon*
*(In re N. Star Contracting Corp.)*, 125 B.R. 368, 370 (S.D.N.Y.
1991) ....................................................................................................................... 10

*N.I.S. Corp. v. Hallahan (In re Hallahan)*,
936 F.2d 1496 (7th Cir. 1991) ................................................................................ 6

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
458 U.S. 50 (1982) ................................................................................................. 6

*Parklex Assocs. v. Deutsch (In re Deutsch)*,
575 B.R. 590 (Bankr. S.D.N.Y. 2017) ................................................................... 3

*Queenie Ltd. v. Nygard Int'l*,
321 F.3d 282 (2d Cir. 2003) ................................................................................. 10

*Resolution Tr. Corp. v. McKendry (In re McKendry)*,
40 F.3d 331 (10th Cir. 1994) ................................................................................. 4

*Schwalbe v. Ganz (In re Ganz)*,
75 B.R. 474 (Bankr. S.D.N.Y. 1987) ..................................................................... 4

*Simpson v. Chassen*, Index No. 158055/2023,
NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026) ................................... 11

*Simpson v. Chassen*, Index No. 158055/2023,
NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026) .................................. 11

*Sonnax Indus., Inc. v. Tri Component Prods. Corp.*
*(In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990) ................................ 7

*Spilman v. Harley*,
656 F.2d 224 (6th Cir. 1981) ................................................................................. 4

*United States v. Noland*,
517 U.S. 535, 538 (1996) ....................................................................................... 8

*Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*,
945 F. Supp. 603 (S.D.N.Y. 1996) ...................................................................... 11

*Vyshedsky v. Soliman (In re Soliman)*,
515 B.R. 179 (Bankr. S.D.N.Y. 2014) ................................................................... 3

*Whitehouse v. LaRoche*,
277 F.3d 568 (1st Cir. 2002) .............................................................................. 3-4

*Williams v. U.S. Fid. & Guar. Co.*,
236 U.S. 549 (1915) ............................................................................................... 2

**Statutes**

11 U.S.C. § 327(a) ...................................................................................................... 9
11 U.S.C. § 327(e) ...................................................................................................... 9
11 U.S.C. § 362(d)(1) ................................................................................................. 7
11 U.S.C. § 523(a)(2) .......................................................................................... *passim*
11 U.S.C. § 523(a)(4) .......................................................................................... *passim*
11 U.S.C. § 523(a)(6) .......................................................................................... *passim*
11 U.S.C. § 523(c)(1) .......................................................................................... 3, 4, 6
11 U.S.C. § 1109(b) .................................................................................................... 8
28 U.S.C. § 157(b)(2)(I) ............................................................................................. 5
28 U.S.C. § 1334 ........................................................................................................ 5
28 U.S.C. § 1334(c)(1) ............................................................................................... 5

4910-5640-6457 v.1

**<u>Other</u> <u>Authorites</u>**

H.R. Rep. 95-585, at 340 (1977).................................................................................................. 10

4910-5640-6457 v.1

## Preliminary Statement

This memorandum of law is respectfully submitted on behalf of the debtor and defendant, Jeffrey Solomon Simpson (the "Debtor"), in opposition to the motion of the plaintiff, 608941 NJ Inc. ("Oak") to clarify the scope of the automatic stay, obtain relief from the automatic stay, and partially abstain from the present adversary proceeding (the "Motion"). Accompanying this memorandum of law is a declaration of the Debtor in opposition to the Motion.

## Statement of the Case

Oak has filed a complaint seeking to determine that the debts allegedly owed to it by the Debtor are nondischargeable under sections 523(a)(2), (4), or (6) of the Bankruptcy Code. Despite this Court's having exclusive jurisdiction to make such a determination, Oak seeks relief from the stay to allow a state court to make an initial determination and then, if successful, return to this Court for a final determination of nondischargeability. For the reasons set forth below, this relief should be denied.

In the state court case at issue, the Debtor has been removed as the managing member of Arch Real Estate Holdings LLC, had a receiver appointed for certain of JJ Arch LLC assets, and has been subjected to contempt proceedings. It is this case where, because of actions in a related state court case, he has been deprived of insurance money to pay counsel, and has often acted *pro se*. Indeed, this is the case that has deprived the Debtor of his major source of income, and indeed, his livelihood. It is this case that forced the Debtor into personal bankruptcy. The relief Oak is seeking is inimical to the central purpose of bankruptcy for debtors, to obtain a fresh start, unhampered by the pressure and discouragement of preexisting debt. The relief Oak is seeking is to return the Debtor to such pressure and discouragement and perhaps worse.

As discussed below, this Court has exclusive jurisdiction to make dischargeability determinations under sections 523(a)(2), (4), and (6). There is no basis for this Court to abstain from making such determinations, even in part. The factors that courts in the Second Circuit consider on motions to lift the stay to permit litigation in a nonbankruptcy court decidedly favor keeping the stay in place. Requiring Oak to litigate its nondischargeability complaint solely in the forum that has the exclusive jurisdiction to make a final determination conserves judicial resources and avoids the piecemeal litigation of intertwined issues in multiple courts.

It should also be noted that the Debtor's time to respond to Oak's complaint has been extended to July 26, 2026. The Debtor intends to move to dismiss Oak's complaint. If that motion is granted, it would make little sense to lift the stay to allow the state court to make determinations as to a dismissed complaint.

Oak's Motion should be denied in all respects.

## Argument

### I

### THE BANKRUPTCY COURT HAS EXCLUSIVE JURISDICTION OVER DISCHARGEABILITY ACTIONS UNDER 11 U.S.C. §§ 523(a)(2), (4), AND (6), AND SHOULD THEREFORE NEITHER LIFT THE AUTOMATIC STAY NOR ABSTAIN IN ANY WAY.

The bankruptcy discharge serves one of the chief purposes of the bankruptcy laws, "to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from obligations and responsibilities consequent upon business misfortunes." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934) (quoting *Williams v. U.S. Fid. & Guar. Co.*, 236 U.S. 549, 554-55 (1915)). The discharge provides "the honest but unfortunate debtor . . . a new

2

opportunity in life and a clear field for future effort unhampered by the pressure and

discouragement of preexisting debt." *Local Loan Co.*, 292 U.S. at 244. As the Second Circuit

has observed:

> The consequences to a debtor whose obligations are not discharged
> are considerable; in many instances failure to achieve discharge
> can amount to a financial death sentence. In view of these harsh
> circumstances, exceptions to the discharge are to be narrowly
> construed and genuine doubts should be resolved in the debtor's
> favor.

*Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 66 (2d Cir. 2007). Indeed, narrow construction of

the exceptions to discharge is the rule in the Second Circuit. *Murphy v. Synder (In re Synder)*,

939 F.3d 92, 101 (2d Cir. 2019); *Parklex Assocs. v. Deutsch (In re Deutsch)*, 575 B.R. 590, 599

(Bankr. S.D.N.Y. 2017); *Vyshedsky v. Soliman (In re Soliman)*, 515 B.R. 179, 190 (Bankr.

S.D.N.Y. 2014).

Exceptions to discharge under 11 U.S.C. §§ 523(a)(2), (4), and (6) are treated specially.

Section 523(c)(1) of the Bankruptcy Code provides in relevant part:

> Except as provided in subsection (a)(3)(B) of this section
> [regarding debts neither listed nor scheduled], the debtor shall be
> discharged from a debt of the kind specified in paragraph (2), (4),
> or (6) of subsection (a) of this section, *unless*, on request of the
> creditor to whom such debt is owed, and after notice and a hearing,
> *the court determines such debt to be excepted from the discharge*
> under paragraph (2), (4), or (6), as the case may be, of subsection
> (a) of this section.

11 U.S.C. § 523(c)(1) (emphasis added). The "court" in this provision, just as in every other

provision of the Bankruptcy Code, is obviously the bankruptcy court, unless the reference has

been withdrawn. *See id.* § 105(c). Indeed, section 523(c)(1) has been consistently interpreted to

provide the bankruptcy court with exclusive jurisdiction to make dischargeability determinations

under sections 523(a)(2), (4), and (6). *Whitehouse v. LaRoche*, 277 F.3d 568, 578 (1st Cir.

3

2002); *Resolution Tr. Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 335 (10th Cir. 1994);

*Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir. 1981); *Casey v. Mohamed*, 323 B.R. 834, 836

(S.D.N.Y. 2005); *Adam Glass Serv., Inc. v. Federated Dep't Stores, Inc.*, 173 B.R. 840, 843

(E.D.N.Y. 1994); *Schwalbe v. Ganz (In re Ganz)*, 75 B.R. 474, 481 (Bankr. S.D.N.Y. 1987).

Section 523(c)(1) of the Bankruptcy Code is derived from the 1970 amendments to

section 17 of the Bankruptcy Act of 1898.  In construing these amendments in a case in which a

creditor sought to apply the doctrine of res judicata to a dischargeability question of fraud, the

Supreme Court described these amendments stated:

> A secondary purpose, however, was to take these § 17 claims away
> from the state courts that seldom dealt with the federal bankruptcy
> laws and give those claims to the bankruptcy court so that it could
> develop expertise in handling them.  By the express terms of the
> Constitution, bankruptcy law is federal law, and the Senate Report
> accompanying the amendment described the bankruptcy court's
> jurisdiction as "exclusive."  While Congress did not expressly
> confront the problem created by prebankruptcy state-court
> adjudications, it would be inconsistent with the philosophy of the
> 1970 amendments to adopt a policy of res judicata which takes
> these § 17 questions away from the bankruptcy courts and forces
> them back into state courts.

*Brown v. Felsen*, 442 U.S. 127, 136 (1979) (internal citations omitted).

In light of these authorities, this Court should reject Oak's arguments premised on lifting

the automatic stay or abstention, that the state court, rather than this Court, should determine in

any way a dischargeability proceeding that Congress has expressly mandated be determined in

the bankruptcy court.  It hardly serves the purpose of a fresh start to force the Debtor to litigate in

a court that took away his livelihood by removing him from the management of the Arch

companies and appointing a receiver for many JJ Arch properties.  It hardly serves the purpose of

providing a new opportunity in life and a clear field for future effort unhampered by the pressure

and discouragement of preexisting debt by forcing the Debtor to litigate in a forum in which he

4

has often appeared *pro se*, the state court may be asked by Oak to enforce pre-bankruptcy procedural defaults by the Debtor, and in which contempt proceedings have been initiated against him. There is no assurance that the state court will apply the appropriate narrow construction and resolve all doubts in the Debtor's favor on issues that pertain to the nondischargeability claims under section 523(a)(2), (4), or (6) of the Bankruptcy Code. In short, requiring the Debtor to litigate any issue pertaining to the dischargeability action in the state court contravenes the purpose of the discharge in general and section 523(c) in particular.

The determination of the dischargeability of debts is a core proceeding under 28 U.S.C. § 157(b)(2)(I). For that reason, mandatory abstention, which requires that a proceeding be non-core, *see id.* § 1334(c)(2), is inapplicable. Oak has not sought mandatory abstention, but has requested permissive abstention under 28 U.S.C. § 1334(c)(1). Permissive abstention is discretionary, and should be exercised sparingly because this Court, like all federal courts "have a virtually unflagging obligation to exercise the jurisdiction given to them, and may may abstain only for a few and extraordinary and narrow circumstances." *Delaware Tr. Co. v. Wilmington Tr. N.A.*, 534 B.R. 500, 513 (S.D.N.Y. 2015) (cleaned up, internal quotation omitted); *accord Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 165 (S.D.N.Y. 2013); *In re Residential Cap., LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014). It should be clear from the authorities discussed above that permissive abstention is inappropriate for nondischargeability proceedings under section 523(a)(2), (4), or (6). Moreover, the factors considered by courts for permissive abstention clearly point in favor of denying this request.

In determining whether to abstain permissively, courts often consider twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate of a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the

> presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Delaware Tr. Co.*, 534 B.R. at 512-13; *Lothian Cassidy*, 487 B.R. at 165. It is respectfully submitted that these factors point decisively in favor of not abstaining. Significantly, dischargeability issues are matters of federal law, rather than state law. *Grogan v. Garner*, 498 U.S. 279, 284 (1991); *Brown v. Felsen*, 442 U.S. at 129-30. Consequently, there is no unsettled state law issue to be applied. Dischargeability issues are central to a bankruptcy case of an individual, and are clearly core proceedings, since they concern the restructuring of debtor-creditor relations, "which is at the core of the federal bankruptcy power." *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982) (plurality opinion). There is no issue of forum shopping because nondischargeability proceedings under section 523(a)(2), (4), and (6) are required to be brought in bankruptcy court. 11 U.S.C. § 523(c)(1). There is no right to a jury trial in a dischargeability proceeding. *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1507 (7th Cir. 1991); *Mid Island Equities Corp. v. Barral (In re Barral)*, 139 B.R. 789, 790 (Bankr. S.D.N.Y. 1992). Thus, the first, second, third, sixth, seventh, eighth, tenth and eleventh factors point decisively against abstention. The request for permissive abstention must be denied.

4910-5640-6457 v.1

**II**

**THE *SONNAX* FACTORS WEIGH HEAVILY AGAINST
<u>LIFTING THE AUTOMATIC STAY</u>.**

Oak also seeks relief from the automatic stay to continue the state court action for

"cause" under 11 U.S.C. § 362(d)(1). When relief from the stay to litigate in a non-bankruptcy

court is requested, courts in the Second Circuit consider a proper weighing of the twelve factors

set forth in the seminal case of *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax*

*Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990). These factors are:

> (1) whether relief would result in a partial or complete resolution
> of the issues; (2) lack of any connection with or interference with
> the bankruptcy case; (3) whether the other proceeding involves the
> debtor as a fiduciary; (4) whether a specialized tribunal with the
> necessary expertise has been established to hear the cause of
> action; (5) whether the debtor's insurer has assumed full
> responsibility for defending it; (6) whether the action primarily
> involves third parties; (7) whether litigation in another forum
> would prejudice the interests of other creditors; (8) whether the
> judgment claim arising from the other action is subject to equitable
> subordination; (9) whether movant's success in the other
> proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and
> economical resolution of the litigation; (11) whether the parties are
> ready for trial in the other proceedings; and (12) impact of the stay
> on the parties and the balance of harms.

907 F.2d at 1286. Not all *Sonnax* the factors are relevant in every case, *Mazzeo v. Lenhart (In re*

*Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); and a court need not assign equal weight to each

factor. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

In the present case, it is clear that the *Sonnax* factors weigh heavily against relief from the

stay. Relief from the stay would only partially resolve the dischargeability issues, because, as

discussed above, only the bankruptcy court can determine dischargeability issues under sections

523(a)(2), (4), and (6) (first factor). The state court action clearly has a direct connection with

7

the bankruptcy case (second factor). Although a section 523(a)(4) dischargeability action does implicate the Debtor as a fiduciary, the section 523(a)(2) and (a)(6) counts do not. Therefore, on balance, the third factor favors maintaining the stay in place.

The state court is not a specialized tribunal; it is a court of general jurisdiction (fourth factor). As to the fifth factor, as the court is well aware,[1] there is no insurer that either is currently paying either the Debtor's defense costs or has assumed coverage of the Debtor's liability. The state court action does not primarily involve third parties, because even non-debtor defendants, such as JJ Arch LLC and Arch Real Estate Holdings LLC, were managed by the Debtor at all relevant times, and their liability or lack thereof is dependent upon on the conduct of the Debtor (sixth factor). As to the seventh factor, to the extent that there are valid claims against the Debtor owed to creditors who are not parties to the state court action, these creditors are prejudiced by the denial of their rights to raise and be heard on issues under 11 U.S.C. § 1109(b). Regarding the eighth factor, it is certainly possible that a judgment against the Debtor would be subject to equitable subordination based on a finding of inequitable conduct by Oak that resulted in an unfair advantage and would not be inconsistent with the provisions of the Bankruptcy Code. *See United States v. Noland*, 517 U.S. 535, 538-39 (1996) (discussing the elements of equitable subordination).

As to the tenth factor, as discussed below, the state court itself has expressed a preference for maintaining proceedings in a single forum, with such forum being the bankruptcy court. The parties are not ready for trial in the state court (eleventh factor). Regarding the twelfth factor, as discussed below, the impact of the automatic stay is crucial to the Debtor, because, among other

---

[1] The Debtor's insurance issues were discussed at length in Debtor's Memorandum of Law in Opposition to Motion to Remand or Abstain, *Great Am. Ins. Co. v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB), ECF Doc. 19 (Bankr. S.D.N.Y. Apr. 23, 2026).

4910-5640-6457 v.1

things, it relieves the pressure that drove him into bankruptcy, and affords him a breathing spell to enable him to propose a reorganization plan.

Crucially, concerning this twelfth factor, it is significant that because of insurance issues, the Debtor was frequently *pro se* in the state court.  He is not *pro se* in this Court.  Notably, the engagement agreement for bankruptcy counsel provides that the scope of services is for "the preparation for and filing and prosecution of a voluntary chapter 11 case . . . and all matter relating to such chapter 11 case (the 'Engagement').[2]  The Engagement does not include an undertaking to represent you . . . in any other matter."  Consequently, because bankruptcy counsel was not engaged to represent the Debtor in state court, granting relief from the stay could very well leave the Debtor *pro se* once again.[3]

As a result, the *Sonnax* factors overwhelmingly favor the maintenance in place of the automatic stay, and the denial of Oak's motion for relief from it.

---

[2] The retention agreement is attached to the Disclosure of Compensation filed by Becker, Glynn, Muffly, Chassin & Hosinski LLP in *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 24 (Bankr. S.D.N.Y. Mar. 5, 2026); which was also Exhibit B to the Application of Debtor and Debtor in Possession to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to Debtor and Debtor in Possession as of the Date of the Petition in *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 29-2 (Bankr. S.D.N.Y. Mar. 20, 2026).

[3] The periodic *pro se* status of the Debtor was the result of the deprivation of insurance coverage, the circumstances of which have been previously described to this Court.  *See* Debtor's Memorandum of Law in Opposition to Motion to Remand or Abstain, *Great Am. Ins. Co. v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB), ECF Doc. 19 (Bankr. S.D.N.Y. Apr. 23, 2026).  Any counsel appearing for the Debtor and Debtor in Possession in state court would need to be retained pursuant to 11 U.S.C. § 327(a) or § 327(e).  A section 327 retention for counsel who has not previously represented the Debtor requires disinterestedness.  Even for counsel representing the Debtor in his individual capacity, for whom a retention order is not required, without a reliable source of compensation, it is not likely that the Debtor will be able to retain or maintain the retention of counsel.  This leads to the conclusion that the Debtor would likely be litigating *pro se* in state court.

4910-5640-6457 v.1

## III

### THE COURT SHOULD CONSTRUE THE AUTOMATIC STAY TO PREVENT THE LITIGATION OF INTERTWINED ISSUES IN MULTIPLE COURTS.

The automatic stay is "'one of the fundamental debtor protections provided by the bankruptcy laws,' designed to relieve 'the financial pressures that drove [debtors] into bankruptcy.'" *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (quoting H.R. Rep. 95-585, at 340 (1977)). "It affords debtors a 'breathing spell' from the collection process and enables them to attempt a repayment or reorganization plan to satisfy existing debt." *Id.* "Indeed, the automatic stay is the debtor's primary protection during a bankruptcy case, just as the discharge is the debtor's primary protection at the end of the case." *In re Congregation Birchos Yosef*, 535 B.R. 629, 633 (Bankr. S.D.N.Y. 2015), *appeal dismissed*, No. 15-CV-6408, 2016 WL 5394755 (S.D.N.Y. Sept. 27, 2016), *aff'd*, 699 F. App'x 91 (2d Cir. 2017).

To the extent Oak seeks to litigate against third parties or compel the Debtor to prosecute his affirmative claims in the state court action, Oak's motion should be denied. It is well established that, where there is an identity of interest between a debtor and non-debtors, such as between the Debtor, JJ Arch, and Arch Real Estate Holdings, and the debtor is the real party in interest, the automatic stay is applicable or can be extended to suits against the non-debtors. *See Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003); *N. Star Contracting Corp. v. McSpedon (In re N. Star Contracting Corp.)*, 125 B.R. 368, 370-71 (S.D.N.Y. 1991); *Lomas Fin. Corp. v. N. Tr. Co. (In re Lomas Fin. Corp.)*, 117 B.R. 64, 67-68 (S.D.N.Y. 1990); *Congregation Birchos Yosef*, 535 B.R. at 633. The stay also applies when the non-debtors and the debtor are "'so bound by statute or contract that the liability of the non-debtor is imputed to

10

the debtor by operation of law' or when 'Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the Code.'" *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *accord Calpine Corp. v. Nevada Power Co. (In re Calpine Corp.)*, 354 B.R. 45, 49 (Bankr. S.D.N.Y. 2006), *aff'd*, 365 B.R. 401 (S.D.N.Y. 2007). Clearly, JJ Arch LLC and Arch Real Estate Holdings LLC were managed by the Debtor at all relevant time, and any potential liability of these LLCs to Oak resulted from the actions of the Debtor.

As to compelling the Debtor to proceed with his affirmative claims in state court, it is significant that, in response to the Debtor's chapter 11 filing, Justice Cohen stayed the state court action in its entirety. Order, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026). Following letters from the parties that requested and opposed reconsideration of the stay, Justice Cohen issued a court notice declining to disturb the stay, stating:

> [T]his case at this point should be included in the federal proceedings so that it can move forward . . . . Maintaining related proceedings in a single forum (to ensure coordination and avoid inconsistent rulings) has long been the Courts preference in these interconnected matters, and at this juncture the Bankruptcy Court appears to be that forum.

Court Notice, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026). As Justice Cohen recognized litigating intertwined issues in more than one court does not make sense from the perspective of avoiding piecemeal litigation and inconsistent results.

As a district judge in the Southern District of New York observed over 40 years ago in a case where there was litigation in multiple forums, "it is preferable to resolve all these issues in a

4910-5640-6457 v.1

single forum; and that piecemeal adjudication of these issues in different forums would be counterproductive for readily apparent reasons." *Commercial Union Ins. Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 31 B.R. 965, 975 (S.D.N.Y. 1983). Permitting Oak to litigate against non-debtors or requiring the Debtor to pursue his affirmative claims in the state court action would not serve the purpose of the Bankruptcy Code, or the interests judicial efficiency or justice. Oak's motion to clarify the automatic stay should thus also be denied.

## Conclusion

For all the forgoing reasons, the Debtor respectfully prays for an order denying Oak's Motion in all respects, and granting the Debtor such other and further relief as is just.

Dated: New York, New York
July 1, 2026

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255

By: */s/ Alec P. Ostrow*
      Alec P. Ostrow
      aostrow@beckerglynn.com

*Attorneys for Defendant, Jeffrey Solomon Simpson*

12