**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Defendant, Jeffrey Solomon Simpson*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>         Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| 608941 NJ INC.,<br><br>         Plaintiff,<br><br>   -   against   -<br><br>JEFFREY SOLOMON SIMPSON,<br><br>         Defendant. | Adversary No. 26-01046 (LGB) |

**DECLARATION OF JEFFREY SOLOMON SIMPSON IN OPPOSITION TO MOTION
OF 608941 NJ INC. TO CLARIFY THE SCOPE OF THE AUTOMATIC STAY,
OBTAIN RELIEF FROM THE AUTOMATIC STAY, AND FOR
PARTIAL ABSTENTION**

Jeffrey Solomon Simpson, declares the following under penalty of perjury, pursuant to 28

U.S.C. § 1746:

1. I am the debtor and debtor in possession in this case. I make this declaration in opposition to the motion of 608941 NJ Inc. ("Oak") to clarify the scope of the automatic stay, obtain relief from the automatic stay, and for partial abstention. I am fully familiar with the facts set forth herein.

2. Oak's motion, in essence, seeks to have me sent back to the state court that removed me from my position as managing member of Arch Real Estate Holdings LLC, appointed a receiver for certain assets of JJ Arch LLC, which destroyed my livelihood and forced me into personal bankruptcy, and where I frequently had to act as a *pro se* litigant, because, in a separate action presided over by the same state court judge, I was deprived of insurance coverage necessary to pay lawyers to represent me, and I was the subject of contempt proceedings. The granting of this motion would destroy the fundamental protections I received from filing my personal bankruptcy, for a fresh start, preceded by a breathing spell, in which I could attempt to reorganize my just debts.

3. It is no coincidence that Oak has moved to lift the stay at the same as Jared Chassen has also moved to lift the stay, and that the two motions are to be heard together. Mr. Chassen and Oak have been coordinating their efforts against me since August 2023, when they signed a Common Interest, Joint Prosecution and Joint Defense Agreement (the "Agreement"). Although learned of the existence of the Agreement shortly thereafter, I obtained what purports to be a copy of it only after the state court compelled its production in September 2025.

4. I attach as Exhibit 1 a copy of an order of the state court compelling the production of the Agreement.

5. I attach as Exhibit 2 a copy of the Agreement as produced in response to such order.

6.      I point out, as has been previously pointed out to the state court judge, that the Agreement as produced has no page 6, a document version 2 ("v.2") in the lower left-hand corner on pages 1 through 5, and a document version 1 ("v.1") in the lower left-hand corner of the signature page, page 7.  These discrepancies raise many questions, including whether a complete and genuine version of the Agreement has been produced.

7.      In addition, at a hearing in state court on February 25, 2025, in response to a question whether he had received any monies or anything of value from Oak, its principals and/or affiliates, Mr. Chassen testified that yes, he had received money from Oak or its affiliates, stating: "While I was controlling JJ Arch, I was taking a draw, maybe 50,000, 75,000 less than what my salary was before this happened."  I attach as Exhibit 3 a copy of the relevant portion of the transcript of the February 25, 2025 hearing, pages 107 and 108, preceded by the caption and appearance pages, pages 1 and 2 of the transcript.  The transcript appears on the docket of the state court action as NYSCEF document 1346.  So, not only were Mr. Chassen and Oak acting in concert, Oak paid Mr. Chassen.

8.      The motions of Mr. Chassen and Oak represent another coordinated effort against me.  There is no urgent need to send me back to litigate again in state court, where, because my bankruptcy counsel's engagement agreement does not cover this litigation, and I have no funds to keep counsel employed, I may have to be *pro se* again.  At the present time, neither Mr. Chassen nor Oak has filed a proof of claim in my bankruptcy case.  After the bar date set by this Court of July 31, 2026, we will know whether Mr. Chassen or Oak, or either of them, wishes to assert a claim in this case.  Any claim that is filed would be subject to objection by me and determination by this Court.  This is ordinary bankruptcy process.  This coordinated effort to

4908-0895-8394 v.1

send the key issues in this bankruptcy case back to state court is designed to put me at a maximum disadvantage to defend myself.

9. The coordinated efforts of Mr. Chassen and Oak, as illustrated by the Agreement, raise the further question of whether the motions to lift the stay are being made in good faith. I respectfully submit that this Court should take into account whether there is a genuine need for stay relief, as opposed an attempt to seize an unfair litigation advantage that suggests bad faith.

10. For these reasons, and the reasons set forth in the memorandum of law prepared by my counsel, I respectfully request that these motions to lift the stay be denied in all respects.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2026

_____
Jeffrey Solomon Simpson

4908-0895-8394 v.1