SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------X

| | |
|---|---|
| JEFFREY SIMPSON, INDIVIDUALLY AND DERIVATIVELY, AS MANAGING MEMBER OF JJ ARCH LLC,SUING DERIVATIVELY AS MANAGING MEMBER OF ARCH REAL ESTATE HOLDINGS LLC,JJ ARCH LLC, | **INDEX NO.** 158055/2023 |
| Plaintiff, | **MOTION DATE** 07/19/2025 |
| - v - | **MOTION SEQ. NO.** 028 |
| JARED CHASSEN, FIRST REPUBLIC BANK, YJ SIMCO LLC,ARCH REAL ESTATE HOLDINGS LLC,225 HPR LLC,JJ NY 550 LLC,1640 MONTAUK LLC,1640 MOTORS LLC,146 E. 89 BORROWER 1 LLC, | **DECISION + ORDER ON MOTION** |
| Defendants. | |

-------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 028) 1684, 1685, 1686, 1687, 1787, 1792, 1793, 1804, 1808, 1809, 1810

were read on this motion to _____ COMPEL DISCOVERY _____.

Plaintiff Jeffrey Simpson ("Simpson") moves pursuant to CPLR 3101 and 3124 to compel Defendant Jared Chassen ("Chassen") to produce a Joint Defense Agreement ("JDA") entered into among Chassen, 608941 NJ, Inc. ("Oak"), and related parties in August 2023. For the reasons set forth below, the motion is **granted**.

## BACKGROUND

Simpson contends that the JDA is "material and necessary" to this litigation because it will purportedly reveal "collusion" between Chassen and Oak to "oust Mr. Simpson" from management, circumvent corporate governance controls, and relieve Oak from guaranty liabilities to the detriment of non-Oak investors.

**158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**
Motion No.  028

Page 1 of 4

Simpson first moved to compel the disclosure of the JDA in February 2025, in connection with an evidentiary hearing on Chassen's motion for an order appointing a temporary receiver (NYSCEF 994). By Decision and Order dated March 8, 2025, the Court granted the receivership motion (NYSCEF 1352). Shortly thereafter, Simpson removed the case to federal court. In light of the removal, the Court denied without prejudice the motion to compel production of the JDA (along with several other motions) as moot, noting that the motion "may be refiled if still relevant, with updated briefing, now that this action has been remanded (NYSCEF 1562).

On July 19, 2025, Simpson moved again to compel disclosure of the JDA. On August 18, 2025, the Court ordered Chassen to submit the JDA for in-camera inspection. On August 22, 2025, Chassen submitted the JDA to the Court.

Defendants oppose the motion, arguing primarily that the motion is moot because the evidentiary hearing for which Simpson claims the JDA is relevant occurred in February 2025, and the Court's decision on the receivership motion was issued months ago. They further assert that the JDA is protected by the common interest and attorney-work-product privileges and that Simpson has failed to show that its disclosure is material to any pending claims or defenses.

## DISCUSSION

CPLR 3101 (a) "mandates full disclosure of all matter material and necessary in the prosecution or defense of an action," and the person seeking to quash a subpoena bears "the burden of establishing that the requested documents and records are utterly irrelevant" (*Ledonne v Orsid Realty Corp.*, 83 AD3d 598, 599 [1st Dept 2011]).

158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL
Motion No.  028

Page 2 of 4

2 of 4

RECEIVED NYSCEF: 09/29/2025

The Court finds that the JDA is not a privileged communication exempt from discovery (*Fewer v. GFI Group*, Inc., 78 A.D.3d 412, 413 [1st Dept 2010]). As in *Fewer*, the JDA merely states "the parties' intention that all information they share with each other remain subject to the attorney-client privilege, despite their disclosure to each other"; expressly states that "it creates no attorney-client relationship"; and it is "not a communication from an attorney to a client made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" (*id.* [internal quotation marks omitted]).

Chassen's contention that the JDA qualifies as attorney work-product is also unavailing. Although the JDA was prepared by counsel, apparently unlike in *Fewer*, it nevertheless "contains only standard language not uniquely reflecting a lawyer's learning and professional skills, including legal research, analysis, conclusions, legal theory or strategy" (*id.*) It is essentially a standard form agreement.

Finally, the Court's decision on Simpson's earlier motion to compel production of the JDA does not render this motion moot. In that Decision and Order, the Court expressly stated that the motion "may be refiled if still relevant, with updated briefing, now that this action has been remanded" (*id.*). Although the evidentiary hearing and receivership motion have been resolved, the JDA may still bear on ongoing issues in this litigation (*Allen v. Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968] ["The words, 'material and necessary', are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity."]).

The Court has considered the parties' other arguments and finds them unavailing.

Accordingly, it is

158055/2023 SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL
Motion No. 028

Page 3 of 4

FILED: NEW YORK COUNTY CLERK 09/30/2025 11:40 AM

**ORDERED** that Simpson's motion to compel is **GRANTED**; and it is further

**ORDERED** that Chassen's counsel promptly produce the JDA to Simpson's counsel.

This constitutes the Decision and Order of the Court.

20250929148821 MCOHEN 5B901BDB627F43DD8E26B3A402645550

__9/29/2025__
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL
Motion No. 028

Page 4 of 4

4 of 4