**Hearing Date: December 2, 2026, at 10:00 a.m.**
**Objection Deadline: November 12, 2026**

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Defendant, Jeffrey Solomon Simpson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| 608941 NJ INC.,<br><br>Plaintiff,<br><br>- against -<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Defendant. | Adversary No. 26-01046 (LGB) |

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

Preliminary Statement .......... 1

Statement of the Case .......... 1

Argument .......... 6

I. THE EXPANDED MYRTLE POINT ALLEGATIONS, THE ARCH EMPLOYEE ALLEGATIONS, AND THE EMBEZZLEMENT COUNT DO NOT RELATE BACK TO THE INITIAL ADVERSARY COMPLAINT, AND ARE THEREFORE UNTIMELY AND MUST BE DISMISSED .......... 6

II. EVEN IF THE NEW ALLEGATIONS RELATE BACK, OAK'S SECTION 523(A)(2) FRAUD-BASED CLAIM IS NOT PLEADED WITH THE REQUIRED PARTICULARITY, AND THUS MUST BE DISMISSED .......... 10

III. OAK'S SECTION 523(A)(4) CLAIM, NOW BASED ON EMBEZZLEMENT, FAILS TO ALLEGE THAT THE OAK'S PROPERTY WAS ENTRUSTED TO THE DEBTOR, AND ALSO FAILS TO PLEAD SUFFICIENT, PLAUSIBLE FACTS, GIVING RISE TO THE REQUISITE CULPABLE STATE OF MIND, AND THUS MUST BE DISMISSED .......... 12

Conclusion .......... 15

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*30 Thompson AW Holdings, LLC v. Kovacs (In re Kovacs)*,
Case No. 8-18-75874-las,
Adversary No. 8-19-08029-las, 2021 WL 1603128 (Bankr. E.D.N.Y. Apr. 21, 2021) ..... 13

*ASARCO LLC v. Goodwin*,
756 F.3d 191 (2d Cir. 2014) ..... 8

*Bullock v. BankChampaign, N.A.*,
569 U.S. 267 (2013) ..... 14

*Denton v. Hyman (In re Hyman)*,
502 F.3d 61 (2d Cir. 2007) ..... 14

*Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
375 F.3d 168 (2d Cir. 2004) ..... 10

*European Am. Bank v. Benedict (In re Benedict)*,
90 F.3d 50, 54-55 (2d Cir. 1996) ..... 6

*Ganino v. Citizens Utils. Co.*,
228 F.3d 154 (2d Cir. 2000) ..... 14

*Harsco Corp. v. Segui*,
91 F.3d 337 (2d Cir. 1996) ..... 10

*In re JJ Arch LLC*,
663 B.R. 258 (Bankr. S.D.N.Y. 2024) ..... 2

*Kontrick v. Ryan*,
540 U.S. 443 (2004) ..... 6

*Major, Lindsey & Africa, LLC v. Mahn (In re Mahn)*,
673 B.R. 270 (Bankr. S.D.N.Y. 2025), *aff'd*, No. 25-CV-07437 (VEC), 2026 WL 2936304 (S.D.N.Y. Sept. 30, 2026) ..... 12

*Mayle v. Felix*,
545 U.S. 644 (2005) ..... 8

*Mills v. Caisse (In re Caisse)*,
568 B.R. 6 (Bankr. S.D.N.Y. 2017) ..... 10

*Moonan v. Bevilacqua (In re Bevilacqua)*,
53 B.R. 331 (Bankr. S.D.N.Y. 1985) ..... 12

*Pfeiffer v. Rand (In re Rand)*,
144 B.R. 253 (Bankr. S.D.N.Y. 1992) ..... 10

*Riumbau v. Colodner (In re Colodner)*,
147 B.R. 90 (Bankr. S.D.N.Y. 1992) ..... 10

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) .................... 10

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
594 B.R. 167 (Bankr. S.D.N.Y. 2018).................... 8

*Sec. Inv. Prot. Corp. v. Nappy (In re Nappy)*,
269 B.R. 277 (Bankr. E.D.N.Y. 1999).................... 12

*Shane v. Marceca (In re Marceca)*,
127 B.R. 328 (Bankr. S.D.N.Y. 1991)..................... 10

*Shields v. Citytrust Bancorp, Inc.*,
25 F.3d 1124 (2d Cir. 1994) .................... 11, 14

*Slayton v. Am. Express Co.*,
460 F.3d 215 (2d Cir. 2006) .................... 9

*Spiegel v. Levine*,
161 A.D. 764, 768, 147 N.Y.S. 78 (1st Dep't 1914) .................... 9

*Squarepoint Ops, LLC v. Sesum (In re Sesum)*,
662 B.R. 840 (Bankr. S.D.N.Y. 2024).................... 12, 13

*Steinfeld v. Twillary Ltd.*,
No. 4115-07, 2007 WL 4101661 (Sup. Ct. Nassau Ctny. Oct. 31, 2007) .................... 9

*United States ex rel. Kolchinsky v. Moody's Corp.*,
162 F. Supp. 3d 186 (S.D.N.Y. 2016) .................... 9

*United States v. Baylor Univ. Med. Ctr.*,
469 F.3d 263 (2d Cir. 2006) ....................8-9

**Statutes**

11 U.S.C. § 341(a) .................... 6

11 U.S.C. § 523(a)(2).................... *passim*

11 U.S.C. § 523(a)(4).................... *passim*

11 U.S.C. § 523(a)(6).................... 1, 2, 3, 6

11 U.S.C. § 523(c) .................... 6

N.Y. Penal Law § 155.05.................... 9

**Rules**

Fed. R. Bankr. P. 4004(a) .................... 6

Fed. R. Bankr. P. 4007(c) .................... 6

Fed. R. Bankr. P. 7009.................... 1, 3, 6, 10

Fed. R. Bankr. P. 7012.................... 1, 3, 6

Fed. R. Bankr. P. 7015 .......... 7
Fed. R. Civ. P. 9(b) .......... 1, 3, 5, 6, 10
Fed. R. Civ. P.12(b)(6).......... 1, 3, 6, 13
Fed. R. Civ. P. 15(c) .......... 7
Fed. R. Civ. P. 15(c)(1).......... 7
Fed. R. Civ. P. 15(c)(1)(B) .......... 7

**Other Authorities**

6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1497 (3d ed. 2010).......... 7-8, 9

## **Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of the debtor and defendant. Jeffrey Solomon Simpson (the "Debtor"), in support of his motion to dismiss the amended complaint filed by the plaintiff, 608941 NJ Inc. ("Oak"), for failure to state a claim upon which relief can be grated or failure to plead with the requisite particularity, pursuant to 7009 and 7012 of the Federal Rules of Bankruptcy Procedure and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## **Statement of the Case**

On May 26, 2026, Oak filed its initial complaint seeking to determine that the debts allegedly owed to it by the Debtor are nondischargeable under sections 523(a)(2), (4), or (6) of the Bankruptcy Code. Oak's initial complaint in this adversary proceeding (the "Initial Adversary Complaint") attached as an exhibit an intervenor complaint (the "Intervenor Complaint") that Oak had filed against the Debtor, JJ Arch ("JJ Arch"), and Arch Real Estate Holdings LLC ("AREH") in the Supreme Court of the State of New York, County of New York in an action entitled *Simpson v. Chassen*, Index No. 158055/2023 (the "State Court Action").[1]

[1] The Intervenor Complaint is not the first complaint that Oak filed against the Debtor. The first complaint was *608941 NJ. Inc. v. Simpson*, No. 1:23-cv-07089, ECF Doc. 1 (S.D.N.Y. Aug. 10, 2023). This complaint was voluntarily dismissed without prejudice on February 23, 2024, ECF Doc. 7. A second complaint against the Debtor, JJ Arch, and AREH was filed by Oak in the Supreme Court of the State of New York, County of New York, and removed to the federal district court, *608941 NJ. Inc. v. Simpson*, No. 1:23-cv-08966, Notice of Removal, ECF Doc. 1 (S.D.N.Y. Oct. 12, 2023). After some motion practice before Judge Carter, this action was also voluntarily discontinued by Oak without prejudice on October 28, 2023. The Intervenor Complaint in the State Court action is dated November 3, 2023. It is fair to conclude that, having started two prior actions, Oak selected the State Court Action to pursue its claims against the Debtor and the Debtor's affiliated companies.

The Initial Adversary Complaint sought a determination that certain of the claims asserted against the Debtor in the Intervenor Complaint are nondischargeable.[2]

The Intervenor Complaint has nine counts, seven of which are asserted against the Debtor,[3] but only six of which were the predicates for relief in the Initial Adversary Complaint:[4]

- Count I – breach of fiduciary duty -- § 523(a)(4)
- Count III – tortious interference with contract -- § 523(a)(6)
- Count IV – tortious interference with prospective business advantage -- § 523(a)(6)
- Count V – breach of fiduciary duty (derivatively on behalf of AREH) -- § 523(a)(4)
- Count VI – defamation -- § 523(a)(6)
- Count VII – fraud -- § 523(a)(2)

The Initial Adversary Complaint sought a determination that each of the above counts in the Intervenor Complaint constituted a nondischargeable debt of the Debtor based on the Bankruptcy Code provision referenced above. Specifically, the Initial Adversary Complaint

---

[2] Although on a motion to dismiss, the Court is to treat the well-pleaded factual allegations as true, the Court should nevertheless be aware that Debtor disputes the truth of Oak's principal allegations. For background purposes, the Debtor believes that the adversary complaint filed by JJ Arch in its bankruptcy case against Oak, Jared Chassen, AREH, Infinity Real Estate LLC, and Michelle Miller accurately sets forth the relevant conduct of parties. *See* Complaint, *JJ Arch LLC v. 608941 NJ Inc.*, Case No. 24-10381, Adversary No. 24-04025 (Bankr. S.D.N.Y. Sept. 18, 2024) (the "JJ Arch Complaint"). The adversary proceeding commenced by the JJ Arch Complaint was dismissed as a result of the dismissal of the JJ Arch case. The memorandum opinion and order granting the motion of Jared Chassen and AREH to dismiss the JJ Arch case was entered on October 11, 2024. *See In re JJ Arch LLC*, 663 B.R. 258 (Bankr. S.D.N.Y. 2024). Because the memorandum opinion and order dismissing the JJ Arch case was entered just over three weeks after the filing of the JJ Arch Complaint, no substantive litigation occurred in the adversary proceeding commenced by the JJ Arch Complaint.

[3] Count II is asserted against JJ Arch for breach of contract. Count IX, which is labeled "Count IV" but follows Count VIII, is asserted against JJ Arch and AREH for an equitable accounting.

[4] Count VIII seeks declaratory relief against the Debtor and JJ Arch that JJ Arch is no long AREH's managing member.

sought a determination in Count I that the claim in Intervenor Complaint Count VII is nondischargeable based on "false pretenses, a false representation, or actual fraud," 11 U.S.C. § 523(a)(2); in Count II that the claims in Intervenor Complaint Counts I and V are nondischargeable based on "fraud or defalcation while acting in a fiduciary capacity," *id.* § 523(a)(4); and in Count III that the claims in Intervenor Complaint Counts III, IV and VI are nondischargeable based on "willful and malicious injury," *id.* § 523(a)(6).

On July 27, 2026, the Debtor moved to dismiss the Initial Adversary Complaint for failure to state a claim upon which relief can be granted or fails to plead with the requisite particularity, pursuant Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure. Rather than respond to the motion, Oak decided to amend the Initial Adversary Complaint. The parties agreed that an amended complaint could be filed by September 15, 2026, and a motion to dismiss the amended complaint could be filed by October 13, 2026, which was extended to October 15, 2026. Oak's amended complaint (the "Amended Adversary Complaint") was filed on September 15, 2026.[5]

Oak's Amended Adversary Complaint significantly differs from its Initial Adversary Complaint. The Amended Adversary Complaint does not seek a determination of nondischargeability for "willful and malicious injury" under section 523(a)(6), which removes from consideration the counts in the Intervenor Complaint for claims based on tortious interference with contract (Count III), tortious interference with prospective business advantage (Count IV), and defamation (Count VI). What seems to remain from the Intervenor Complaint are claims based on fraud (Count VII) for which the Amended Adversary Complaint seeks a

[5] The September 15, 2026 filing was made in the main case. The filing of the Amended Adversary Complaint in the adversary proceeding was made on September 18, 2026.

declaration of nondischargeability under section 523(a)(2). The Amended Adversary Complaint also seeks a declaration of nondischargeability under section 523(a)(4), but for a newly asserted claim for embezzlement, which will be discussed below.

Although the Amended Adversary Complaint pared down the number of underlying claims from the Intervenor Complaint for which a declaration of nondischargeability is sought, the Amended Adversary Complaint contains many more allegations than the Initial Adversary Complaint, 114 compared with 76. A great many of these additional allegations deal with a specific real estate project, referred to as "Myrtle Point." "Myrtle Point" is the subject of paragraphs 34 through 70 of the Amended Adversary Complaint.[6] In the Initial Adversary Complaint, "Myrtle Point" is mentioned in paragraphs 32, 33, and 34, and only with respect to a capital call that is the subject of paragraphs 30 through 37. The "Myrtle Point" allegations of the Amended Adversary Complaint, other than those relating to the capital call, will be referred to as the "Expanded Myrtle Point Allegations."

Besides the Expanded Myrtle Point Allegations, the Amended Adversary Complaint adds a series of allegations in a section headed "**Mr. Simpson's Misappropriation of Oak's Capital**," paragraphs 87 through 99, not found in the Initial Adversary Complaint. Among the allegations in this new section are:

> 95. In addition to improper cash transfers Mr. Simpson made for his own benefit, he also misappropriated AREH assets by putting himself on the AREH benefits plan and by using AREH employees to provide services to JJ Arch and to Mr. Simpson and his companies, without authority to do so and often without any benefit or reimbursement to AREH.
>
> 96. Mr. Simpson put employees on AREH's payroll that were not performing work for AREH, but were working on

[6] The Myrtle Point project is also the subject of the paragraphs 57 through 65 of the JJ Arch Complaint, which is in the section dealing with Oak's conduct in Managing AREH, having been installed in that capacity by order of the court in the State Court Action.

> construction on his other projects, working on cars at Mr. Simpson's separate company, Rever Motors, doing account and bookkeeping for Mr. Simpson's other companies, and doing taxes and other financial tasks for Mr. Simpson individually.[7]

These allegations will be referred to as the "AREH Employee Allegations."

In addition, in contrast to the Initial Adversary Complaint's allegations of fraudulent conduct, which focused on misrepresentations, many of the allegations of fraudulent conduct in the Amended Adversary Complaint instead focus on omissions. Just as with an actual misrepresentation, an allegedly fraudulent omission must be pleaded with particularity under Rule 9(b), including when and where it was made, and an explanation of why it was fraudulent. In addition, there has to be a plausible pleading of facts, including motive, to distinguish the mere leaving out of information from a deceptive intention to conceal it.

Significantly, in Count II of the Amended Adversary Complaint, the basis for nondischargeability under section 523(a)(4) is no longer "fraud or defalcation while acting in a fiduciary capacity," as asserted in paragraph 67 of the Initial Adversary Complaint, but instead is now "embezzlement" as asserted in paragraph 110 of the Amended Adversary Complaint. Neither "embezzle" nor "embezzlement" is mentioned in the Intervenor Complaint or the Initial Adversary Complaint. The tort of conversion is not pleaded in either complaint. No specific property belonging to Oak or even AREH was allegedly fraudulently converted by the Debtor to his own use. This major change in direction is unaccompanied by the required elements of

---

[7] These allegations are substantially the same allegations as set forth in a complaint filed by AREH in the Supreme Court of the State of New York, County of New York, entitled *Arch Real Estate Holdings LLC, et al. v. YJ Simco LLC, et al.*, Index No. 653216/2026. That state court action is the subject of an adversary proceeding commenced by the Debtor, entitled *Simpson v. Arch Real Estate Holdings LLC, et al.*, Case No. 26-10359 (LGB), Adversary No. 26-01097 (LGB), in which the Debtor is seeking injunctive relief. An evidentiary hearing on the Debtor's motion for a preliminary injunction in that adversary proceeding is currently scheduled for October 29, 2026.

embezzlement, such as entrusting the plaintiff's property to the Debtor as opposed to some other entity, and a plausible pleading of the circumstances establishing the requisite fraudulent intent.

For the reasons set forth below, the Amended Adversary Complaint, like its predecessor, fails to state a claim upon which relief can be granted or fails to plead with the requisite particularity, pursuant Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure.

## Argument

## I

## THE EXPANDED MYRTLE POINT ALLEGATIONS, THE ARCH EMPLOYEE ALLEGATIONS, AND THE EMBEZZLEMENT COUNT DO NOT RELATE BACK TO THE INITIAL ADVERSARY COMPLAINT, AND ARE THEREFORE UNTIMELY AND MUST BE DISMISSED.

The Federal Rules of Bankruptcy Procedure require that complaints to determine dischargeability of debts under section 523(c) of the Bankruptcy Code, namely those asserting nondischargeability under section 523(a)(2), (4), or (6), must be filed within 60 days of the first date set for the meeting of creditors under section 341(a) of the Bankruptcy Code. Fed. R. Bankr. P. 4007(c). The deadline is extendable by the court for cause on a motion made before it expires. *Id.* In the Debtor's case, the Rule 4007(c) deadline was May 26, 2026, as set forth in the notice issued by the clerk's office.[8] No extension of the deadline has been authorized by this Court. The Rule 4007(c) deadline, while not jurisdictional, is nevertheless enforceable. *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54-55 (2d Cir. 1996); *see Kontrick v. Ryan*, 540 U.S. 443, 458 (2004) (construing deadline in Fed. R. Bankr. P. 4004(a) for

---

[8] Notice of Chapter 11 Bankruptcy Case, ¶ 7, *In re Jeffrey Solomon Simpson*, Case No. 26-10359, ECF Doc. 11 (Bankr. S.D.N.Y. Feb. 23, 2026).

complaints objecting to a debtor's discharge). The Initial Adversary Complaint met the May 26, 2026 deadline. The question whether the newly added Expanded Myrtle Point Allegations and the AREH Employee Allegations in the Amended Adversary Complaint filed on September 15, 2026 are timely depends on whether they relate back to the Initial Adversary Complaint.

The relation back of amended pleadings in adversary proceedings is governed by Rule 15(c) of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7015. Rule 15(c)(1) provides:

> **When an Amendment Relates Back**: An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment;
>
> (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) Knew of should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In the present case, only Rule 15(c)(1)(B) is applicable.

When an amendment is filed after the expiration of a limitations period, the basic principle enunciated by Rule 15(c)(1)(B) is that for the amended allegations to relate back, the conduct, transaction or occurrence in the amended pleaded must have at least been attempted to be set out in the original pleading. "Thus, if plaintiff attempts to allege an entirely different transaction by amendment, Rule 15(c)(1)(B) will not authorize the relation back." 6A CHARLES

ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1497, at 77 (3d ed. 2010) (footnotes omitted). As stated by the Supreme Court, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (internal quotation and citation omitted); *accord Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 594 B.R. 167, 210 (Bankr. S.D.N.Y. 2018).

In the present case, regarding the Expanded Myrtle Point Allegations, as mentioned above, there are allegations regarding "Myrtle Point" in the Initial Adversary Complaint. Regarding the AREH Employee Allegations, there are two relevant allegations in the Intervenor Complaint. Paragraph 43 of the Intervenor Complaint quotes an affidavit of Jared Chassen alleging: 'The accountant confirmed that Simpson was using company funds from Arch Real Estate to pay private expenses. She confirmed that he took Arch Real Estate money to pay auto employees and that he owed Arch Real Estate Money." Paragraph 45 of the Intervenor Complaint that "Simpson readily admitted to improper use of company funds, explaining that an employee of his automobile business, Rever Motors, which is completely separate from AREH, is on the AREH payroll." Both of these statements refer specifically only to Rever Motors or the automobile business, not to the AREH benefits plan or any other JJ Arch businesses. Notably, the Initial Adversary Complaint does not include these or any similar allegations other than by incorporating the Intervenor Complaint.

When the original pleading contains an antecedent mention of what an amended pleading later expands, the question for relation back purposes is whether the original pleading gave the other party adequate notice of the basis of the claim that was later asserted. *ASARCO LLC v. Goodwin*, 756 F.3d 191, 202 (2d Cir. 2014); *United States v. Baylor Univ. Med. Ctr.*, 469 F.3d



*4918-6186-2359 v.1*

263, 270 (2d Cir. 2006). Claims based on an entirely distinct set of factual allegations will not relate back. *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006); *United States ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 199 (S.D.N.Y. 2016). As stated by a major treatise:

> But if the alteration of the original pleading is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the new claim or defense, then amendment will not relate back and will be time barred if the limitations has expired. Thus, a failure of notice will prevent relation back.

6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1497, at 99-106 (3d ed. 2010) (footnotes omitted).

In the present case, there was insufficient notice of the new allegations contained in the Expanded Myrtle Point Allegations and the AREH Employee Allegations, other than the Rever Motors allegations. Consequently, these allegations do not relate back, and any claim for relief related to them must be dismissed.

For Count II of the Amended Adversary Complaint, which seeks nondischargeability under section 523(a)(4) based on embezzlement, to relate back to the Initial Adversary Complaint, there must have been set out or attempted to have been set out something with the factual elements of an embezzlement, which would include specifying the property of the plaintiff that was allegedly wrongfully or fraudulently appropriated by the Debtor. *See Spiegel v. Levine*, 161 A.D. 764, 768, 147 N.Y.S. 78, 81 (1st Dep't 1914); *Steinfeld v. Twillary Ltd.*, No. 4115-07, 2007 WL 4101661, at * 1 (Sup. Ct. Nassau Ctny. Oct. 31, 2007). *See also* N.Y. Penal Law § 155.05 (crime of larceny, which includes "conduct heretofore defined or known as . . . embezzlement," and requires "a wrongful taking, obtaining or withholding or another's property"). There is no such allegation in the Initial Adversary Complaint or the Intervenor

Complaint. Consequently, there is nothing to which a claim of embezzlement can relate back, and this Count II must be dismissed as untimely.

## II

## EVEN IF THE NEW ALLEGATIONS RELATE BACK, OAK'S SECTION 523(a)(2) FRAUD-BASED CLAIM IS NOT PLEADED WITH THE REQUIRED PARTICULARITY, AND THUS MUST BE DISMISSED.

Rule 9(b) of the Federal Rules of Civil Procedure provides in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule is made applicable to adversary proceedings by Rule 7009 of the Federal Rules of Bankruptcy Procedure. Rule 9(b)'s particularity requirement must be satisfied if the complaint sounds in fraud. *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *Mills v. Caisse (In re Caisse)*, 568 B.R. 6, 12 (Bankr. S.D.N.Y. 2017). As a result, a claim for nondischargeability under 11 U.S.C. § 523(a)(2)(A) must be pled with particularity. *Riumbau v. Colodner (In re Colodner)*, 147 B.R. 90, 95 (Bankr. S.D.N.Y. 1992): *Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253, 258 (Bankr. S.D.N.Y. 1992); *Shane v. Marceca (In re Marceca)*, 127 B.R. 328, 332 (Bankr. S.D.N.Y. 1991).

To satisfy the particularity requirement, the complaint must specify the time, place, speaker, and content of the alleged misrepresentations. *Colodner*, 147 B.R. at 95; *Rand*, 144 B.R. at 258. The complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996)). The Second

Circuit has additionally stated, "to serve the purposes of Rule 9(b), we require plaintiffs to allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.*

In the present case, it is clear that despite the significant number of added allegations, the particularity requirement has not been satisfied. The newly added allegations describing provisions of the AREH or JJ Arch operating agreements, Amended Adversary Complaint ¶¶ 11-14, 16-17, do not supply any of the required items of particularity for claims of fraud. Neither do the newly added allegations describing the Debtor's authority under these agreements, including in the Debtor's own words. *Id.* ¶¶ 18-20, 29-32. Most of the Expanded Myrtle Point Allegations are descriptive of transactions or events, but do not contain any of the required items of particularity for claims of fraud. *Id.* ¶¶ 34-39, 43-45, 47-53, 59-60, 65-66, 68, 70. Notably, the allegations of misrepresentations or omissions, do not explain why they are fraudulent. *Id.* ¶¶ 40-42, 54-58, 63-64, 67, 69. In light of the structure of AREH and JJ Arch as pleaded in the Amended Adversary Complaint and the obvious relationship between the Debtor's economic interests in the Myrtle Point project and other AREH investments, the Amended Adversary Complaint does not plausibly plead why the Debtor would have a motive to cause these investments to lose value, or would consciously misbehave or engage in reckless activity to do so. The Debtor's economic interest in these projects rose and fell with Oak's. If the investments lost value to Oak, they lost value to the Debtor as well.

Similarly, with respect to the allegations following the subheading "*IRS Section 1031"* do not provide the required particularity. Many are simply descriptive, *id.* ¶¶ 71-74, 80-86; and those that contain alleged misrepresentations made by "investor relations" or the "investor relations team," *id.* ¶¶ 75-77, do not explain why they are fraudulent, or why the Debtor had a fraudulent motive to mislead.

As a result, Count I of the Adversary Complaint, which seeks a determination of nondischargeability under 11 U.S.C. § 523(a)(2) must be dismissed.

## III

## OAK'S SECTION 523(a)(4) CLAIM, NOW BASED ON EMBEZZLEMENT, FAILS TO ALLEGE THAT THE OAK'S PROPERTY WAS ENTRUSTED TO THE DEBTOR, AND ALSO FAILS TO PLEAD SUFFICIENT, PLAUSIBLE FACTS, GIVING RISE TO THE REQUISITE CULPABLE STATE OF MIND, AND THUS MUST BE DISMISSED.

Count II of the Amended Adversary Complaint seeks a determination of nondischargeability under section 523(a)(4) for embezzlement. Amended Adversary Complaint ¶ 110. To state such a claim for relief, a creditor must allege: "(1) that the creditor entrusted his property to the debtor; (2) that the debtor appropriated the property for a purpose other than that for which it was entrusted; and (3) circumstances indicate that the debtor acted with fraudulent intent or deceit." *Squarepoint Ops, LLC v. Sesum (In re Sesum)*, 662 B.R. 840, 847 (Bankr. S.D.N.Y. 2024) (quoting *Sec. Inv. Prot. Corp. v. Nappy (In re Nappy)*, 269 B.R. 277, 296-97 (Bankr. E.D.N.Y. 1999)); *accord Major, Lindsey & Africa, LLC v. Mahn (In re Mahn)*, 673 B.R. 270, 288 (Bankr. S.D.N.Y. 2025), *aff'd*, No. 25-CV-07437 (VEC), 2026 WL 2936304 (S.D.N.Y. Sept. 30, 2026); *see Moonan v. Bevilacqua (In re Bevilacqua)*, 53 B.R. 331, 333-34 (Bankr. S.D.N.Y. 1985).

In the present case, Oak has not satisfied the first requirement. It has not pleaded that it entrusted its property to the Debtor. Rather, it pleaded that it invested with AREH. AREH is not the Debtor. Although Oak pleaded that the Debtor controlled AREH, and that relationship may give rise to other claims against the Debtor that have not been pleaded, there is nevertheless a significant, substantive legal difference between the Debtor and AREH. AREH is the entity with which Oak's property was entrusted, not the Debtor. This in and of itself means that Oak has failed to state a claim upon which relief can be granted, and Count II must be dismissed, pursuant Rule 12(b)(6).

Moreover, Count II alleges that the Debtor not only misappropriated funds, but also "resources." Amended Adversary Complaint ¶¶ 113-114. Presumably, these "resources" refer to the AREH Employee Allegations. But, AREH employees performing services does not constitute tangible or intangible property and therefore does not satisfy the property requirement of section 523(a)(4). *Sesum*, 662 B.R. at 847-48. As this Court stated in *Sesum*,"for intangible property to constitute property for a claim of embezzlement, the intangible property must have some tangible form." *Id.* at 849. Consequently, the AREH Employee Allegations cannot support a claim of embezzlement.

But even if Oak's entrusting its property to AREH satisfies the requirement of entrustment of property to the Debtor, and even if AREH employees performing services satisfies the requirement of property, Count II still fails to state a claim because it does not plead with sufficient particularity the circumstances that indicate that the Debtor acted with fraudulent intent or deceit. As a result, Oak's embezzlement count requires pleading with particularity. *See 30 Thompson AW Holdings, LLC v. Kovacs (In re Kovacs)*, Case No. 8-18-75874-las, Adversary No. 8-19-08029-las, 2021 WL 1603128, at *6 (Bankr. E.D.N.Y. Apr. 21, 2021).

The particularity standard is set forth in Part II above, is absent from any description of embezzlement in the Amended Adversary Complaint.

In construing section 523(a)(4), the Supreme Court related "fraud" to "embezzlement" and "defalcation" to both. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013). "Moreover, embezzlement requires a showing of wrongful intent." *Id.* at 274. Even before *Bullock*, the Second Circuit required for a section 523(a)(4) nondischargeability claim "a showing of conscious misbehavior or extreme recklessness – a showing akin to the showing required for scienter in the securities law context." *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 68 (2d Cir. 2007). In the securities law context, the Second Circuit requires that a pleading allege facts either (a) to show that the defendant had both motive and opportunity to commit fraud, or (b) that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168-69 (2d Cir. 2000); *Shields*, 25 F.3d at 1128. The requisite facts are not found in the Amended Adversary Complaint.

In short, whether the inquiry concerns the first or the third requirement of a claim for nondischargeability under section 523(a)(4) based on embezzlement, Count II of the Amended Adversary Complaint falls short.



*4918-6186-2359 v.1*

## Conclusion

For all the foregoing reasons the Debtor respectfully requests that the Court grant the Debtor's motion to dismiss Oak's Amended Adversary Complaint in its entirety, and grant the Debtor such other and further relief as is just.

Dated: New York, New York
October 15, 2026

Respectfully submitted,

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

By: _*/s/ Alec P. Ostrow*___
Alec P. Ostrow
aostrow@beckerglynn.com
299 Park Avenue
New York, New York 10171
(212) 888-3033

*Attorneys for Defendant, Jeffrey Solomon Simpson*